**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACQUELINE B., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO.  24-4120 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    June 29, 2026

Jacqueline B. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the

final decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act.  Plaintiff has filed a brief in support of her request for review, the Commissioner has

responded to it, Plaintiff has filed a reply, the Commissioner has filed a surreply as has Plaintiff.

For the reasons set forth below, Plaintiff's request for review is granted and the case remanded to

the Commissioner for further review consistent with this opinion.

**I.        PROCEDURAL HISTORY[2]**

Plaintiff filed her DIB claim on November 10, 2021, alleging that her disability began on

November 1, 2021.  R. 283.  Plaintiff's claims were denied initially and upon reconsideration;

hence, she requested a hearing before an administrative law judge.  *Id.*  A telephonic hearing was

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025.  Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit and, pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.

[2] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), Defendant's Surreply to Plaintiff's Reply Brief ("Comm. Sur."), Plaintiff's Surreply thereto ("Pl. Sur."), and the administrative record.  ("R.").

held before administrative law judge Sandra Morales Price ("the ALJ"), on August 29, 2023. *Id.*

The ALJ, applying the sequential evaluation process ("SEP") for disability,[3] denied relief, on

December 4, 2023. *Id.* On June 12, 2024, the Social Security Administration's Appeals Council

denied Plaintiff's request for review, R. 1-3, making the ALJ's decision the Commissioner's final

decision. Plaintiff then sought judicial review in this court. The parties have consented to this

court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).[4]

## II.    FACTUAL BACKGROUND

A.    Personal History

Plaintiff, born on May 24, 1989, R. 308, was 34 years old on the date of the ALJ's hearing.

R. 312. At that time, she was homeless and resided at her mother's home with her three children,

aged 13, 15 and 16. R. 312, 327. Plaintiff completed high school and last worked in September

2021. R. 313. The record reveals that Plaintiff was found disabled in 2009 and was determined

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

[4] This case was originally assigned to the Honorable Elizabeth T. Hey. Upon Judge Hey's retirement, the case was transferred to the undersigned.

2

eligible for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. R. 354-58.

B.    Plaintiff's Testimony

At the August 29, 2023 administrative hearing, Plaintiff testified about her impairments. R. 308-27. Plaintiff suffers from anxiety, depression, and hears voices on a daily basis. R. 322-23. She takes medication and attends therapy to treat those conditions. R. 322-24. This treatment has reduced the frequency of the voices Plaintiff hears and has helped her cope with them. R. 323-24. Nevertheless, she has acted on the voice's commands to harm others, including her mother, boyfriend and dog. R. 323. Plaintiff also has episodes where she screams, yells and curses at people. R. 323. Her anxiety is often triggered around strangers, especially when she believes they do not understand her; for this reason, she avoids strangers. R. 322, 324. Plaintiff's depression causes her to alternate between not sleeping for three to four days at a time and sleeping for three to four days at a time. R. 322. On days she is not sleeping, Plaintiff usually stays in bed because she has no desire to do anything. R. 324-25. Plaintiff also has difficulty concentrating and has memory deficits. R. 324.

Plaintiff takes medication and wears wrist braces for bilateral carpal tunnel syndrome. R. 316. These treatment modalities have been unsuccessful; she still has hand numbness, finger swelling and shooting pain. R. 316. Plaintiff frequently drops objects, such as her cell phone, and she has noticed increased difficulty writing. R. 326.

Plaintiff also suffers back pain and restless leg syndrome. R. 316, 326. The latter condition has been worsening, and her legs are moving uncontrollably with more frequency. R. 326.

Plaintiff estimated that she could lift no more than five pounds, could sit or stand for, at most, five minutes, and walk for up to three minutes. R. 320. Plaintiff confirmed that she does

3

not use an assistive device to walk.  R. 320.

C.      Vocational Testimony

The VE testified that Plaintiff's past jobs were:  (1) home health aide, a medium,[5] semi-skilled[6] job that Plaintiff performed at the very heavy[7] level; postal clerk/mail worker, a heavy, semi-skilled job; and (3) package sorter, a light,[8] unskilled[9] job that Plaintiff performed at the heavy[10] level.

The VE was asked to consider a person of Plaintiff's age and education, and work experience, who was able to perform light work, with additional limitations:  frequently able to push and pull with both hands; frequently finger, handle, and feel with both hands; never climb ladders, ropes, or scaffolds; occasionally crawl, crouch, kneel, and climb ramps and stairs; needs to avoid heights; can tolerate occasional exposure to moving mechanical parts, and extreme cold and heat; can perform simple, routine tasks; can make simple, work-related judgments; can tolerate occasional contact with the public and frequent contact with coworkers and supervisors.  R. 328. The VE opined that this individual could only perform Plaintiff's package sorter job as it is usually performed, that is, at the light level.  R. 328-29.  Next, the VE was asked to consider the same person but, this time, the person could only occasionally finger, handle, and feel with both hands

---

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

[6] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties."  20 C.F.R. § 404.1568(b).  It is less complex than skilled work but more complex than unskilled work.  *Id.*  "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks."  *Id.*

[7] "Very heavy work involves lifting object weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R § 404.1567€.

[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[9] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. § 404.1568(a).

[10] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."  20 C.F.R. § 404.1567(d).

and could only tolerate occasional contact with coworkers and supervisors.  R. 329.  The VE

opined that this individual could not perform any of Plaintiff's past jobs or any other work.  R.

329.  The VE also opined that, if the first hypothetical person could not work for eight hours a day,

five days a week, or would be absent two days per month, they could not work.  R. 330.  Finally,

Plaintiff's attorney asked the VE to consider a person with the limitations contained on page seven

of Exhibit 7F.[11]  R. 330.  The VE responded that these limitations precluded all work.  R. 331.

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.     [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2026.

2.     [Plaintiff] has not engaged in substantial gainful activity since November 1, 2021, the alleged onset date (20 CFR 404.1571 *et seq,*).

3.     [Plaintiff] has the following severe impairments:  bilateral carpal tunnel syndrome, bipolar/depressive disorder, anxiety, post-traumatic stress disorder (PTSD), and alcohol/cannabis/cocaine use disorder (20 CFR 404.1520(c)).

4.     [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.     After careful consideration of the entire record, I find that [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except frequently push/pull with both hands.  She can frequently handle, finger, and feel bilaterally.  [Plaintiff] can never climb ladders/ropes/scaffolds, and occasionally crawl, crouch, kneel, and climb stairs/ramps.  She can have no exposure to heights, and occasional exposure to moving

---

[11] Exhibit 7F is a September 15, 2022 report from consultative examiner Daniel Basch, Psy.D.  Dr. Basch's report is found at pages 782 to 789 of the administrative record.  On the seventh page, R. 788, Dr. Basch opines that Plaintiff has marked limitation in the ability to interact appropriately with coworkers, supervisors and the public and to respond appropriately to usual work situations and changes in a routine work setting.

mechanical parts and extreme cold/heat. [Plaintiff] can perform simple, routine tasks, and make simple, work-related decisions. She can have occasional contact with the public, frequent with supervisors and co-workers. She is limited to work involving occasional changes in the work setting.

6.    [Plaintiff] is capable of performing past relevant work as a package sorter. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 CFR 404.1565).

7.    [Plaintiff] was not under a disability, as defined in the Social Security Act, from November 1, 2021, through the date of this decision (20 CFR 404.1520(g)).

R. 285-86, 290, 299-300.

## IV.    DISCUSSION

A.    <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert.*

*denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

7

Applying the SEP, the ALJ determined that Plaintiff could perform her past relevant work as a package sorter; hence, she was not disabled. R. 283-300. Plaintiff disputes the ALJ's decision and argues that the ALJ erred by: (1) failing to afford conclusive effect to a 2009 determination that she is disabled because she meets Listed Impairment 12.04; (2) failing to find persuasive the opinions of Erica DePalma, C.R.N.P.; (3) failing to find persuasive the opinions of consultative examiner Daniel Basch, Psy.D.; (4) rejecting certain opinions of agency medical consultant John David Gavazzi, Psy.D.; and (5) posing a defective hypothetical question to the VE based upon an erroneous residual functional capacity determination. Pl. Br. at 4-19. The Commissioner denies Plaintiff's assertions. Resp. at 2-22. This court finds that Plaintiff's first argument warrants remand, hence, it is unnecessary to address her other arguments.

The Commissioner has issued a regulation providing that when an issue of fact:

> has already been decided in one of [the Commissioner's] previous determinations or decisions involving the same parties, but arising under a different title of the Act, . . . the administrative law judge will not consider the issue again, but will accept the factual findings made in the previous determination or decision unless there are reasons to believe that it was wrong.

20 C.F.R. § 404.950(f). As applied to this case, the ALJ was required to accept ALJ Deborah Mande's 2009 finding that Plaintiff met the requirements of Listed Impairment 12.04, R. 354-58, unless she identified reasons to believe the prior decision was wrong. Herein, the ALJ never mentioned the prior decision and never applied the applicable regulation. The failure to apply the applicable regulation constitutes legal error.

The Commissioner advances explanations, relying on his own sub-regulatory guidance, which could have permitted the ALJ to avoid § 404.950(f) and reexamine whether Plaintiff met the requirements of Listed Impairment 12.04. Resp. at 5-7; Comm. Sur. at 1-2. However, the ALJ never relied upon these explanations, because she ignored the regulation and ALJ Mande's 2009

8

disability determination.   Hence, this court may not consider the Commissioner's post hoc explanations.  *Fargnoli*, 247 F.3d at 44 n.7 (citing *SEC v. Chenery*, 318 U.S. 80, 87 (1943)).

The ALJ's error is harmful because, unless the ALJ identifies reasons to believe that the 2009 disability determination was incorrect, she must find that Plaintiff is disabled.  20 C.F.R. § 404.1450(f).  On remand, the ALJ shall consider ALJ Mande's 2009 determination that Plaintiff meets the requirements of Listed Impairment 12.04 and must accept that determination, unless she can identify reasons that the 2009 determination was incorrect.

An implementing order and order of judgment follow.